Note—A Court of Appeals opinion holding that mandamus is not an appropriate remedy with which to enforce pupils rights, and have

discrimination against colored pupils stopped, will be found in State ex v. Woodlawn School Dist., 3 Abs. 308.

Attorneys—McConnaughley & Shea and Wade J. Buydden for State; J. B. Harshman, & Wm. V. Snyder of Bd. for Ed.; Sam D. Kelly, Amicus Curiae; all of Dayton.

---

### No. 736
### CHICAGO & ERIE RD. CO. v. Oyler, Admr.

Ohio Appeals, 3rd Dist., Hardin Co.

No. 144. Decided July 15, 1925

941. PRACTICE AND PROCEDURE — Where law of the case is established by reason of former review of Court of Appeals, and it was then held that question of contributory negligence was submissible to jury, said judgment being affirmed by Superme Court; on a second review to Court of Appeals, failure of trial court to direct a verdict in favor of defendant as a ground for reversal is not available as being adverse to the law of the case.

WARDEN, J.

The proceeding is one in error to reverse the judgment of the Hardin Common Pleas in a railway crossing case, resulting in the death of Lindley Oyler, decedent of Clyde Oyler, administrator.

This case was formerly in the Court of Appeals and was reversed for failure of the trial court to give certain requests before argument concerning contributory negligence; the court of appeals holding that there was no evidence in the record tending to prove wilful and wanton negligence on part of the company, thereby entitling it to have the instructions regarding contributory negligence, given. The judgment of the Court of Appeals was affirmed in 109 OS. 551.

In the former proceedings the company set out four grounds of error first, that the court erred in the charge to the jury; second, the verdict was against the weight of the evidence; third, damages were excessive; and fourth, the court erred in refusing to give instructions as requested by it.

In the present review the company sets forth five grounds for reversal: first, court erred in charge to jury; second, verdict is against weight of the evidence; third, the damages are excessive; fourth, court erred in refusing to charge before argument special request number seven as requested; and fifth, the court erred in overruling motion of the company to direct a verdict in its favor. The Court of Appeals in sustaining the Common Pleas held:

1. The former review fixed the law as to

the first, second, third and fifth grounds of error and is controlling in these proceedings. Gohman v. St. Bernard, 111 OS. 645; 3 Abs. 10.

2. The Supreme Court by affirming the judgment of this court in the former review, inferentially held that the question of contributory negligence of Oyler's decedent was a question submissable to the jury.

3. The company having taken this position in the former review, is not now in a position to claim or argue that the motion for a directed verdict should have been sustained because Oyler's decedent was guilty of contributory negligence as a matter of law.

4. If the opinion that the company is now estopped from urging ground five as a reason for reversal, is incorrect, nevertheless, this court having held that the question was submissable to the jury, and the Supreme Court having inferentially made the same holding, for this reason alone we are convinced that the fifth ground of error cannot now be considered by this court.

5. The fourth ground is not available for the reason that the record fails to show the request was in writing.

Judgment affirmed.

Attorneys—Mahon & Mahon for Company; Henderson & Roof for Oyler; all of Kenton.